Yes, may it please the court. My name is Gary Castleman. I'm here on behalf of Bruce Dougherty, appellant, and I would like to reserve approximately ten minutes, nine, ten minutes for my rebuttal. I think that... You don't think you need more than five to begin? We can make it eight. I'll kind of cut it down the on that, however, so we may eat into your time a little. I see. With our questions. Understood. So are you making a recommendation? No, I'm just telling you I don't want you to think we're going to cut off right after you say we're Counsel, I would make one other point. I think it's inappropriate for you to wait completely to see what the other side is going to say. You should make your case. I will do so. Thank you, Your Honor. Let me tell you, you've gotten, you've received some very good advice from a very distinguished jurist. Yes, I know, and I Thank you. And I see I'm at 1340 and counting, so I'll get the warning light at two minutes for my... Well, we'll give you back to 15, since we've been talking about what you're going to do for a while. All right. Now you can give it to us. All right. I'll... Eight minutes for my... Nine minutes for my opening and six minutes for rebuttal. All right. This is a case about a man who wants to get his reputation back. The record shows that prior to the subject incident that was complained of on September 22, 2006, my client, a credentialed school teacher, a number of years, tenured, had a master's degree in English as a second language, was accused of what amounts to child molestation. And the declaration of Mr. Daugherty indicates in paragraphs 38 and 39, page 20 of the record, that the district evaluated this and determined that there was no misconduct. Then the police were called, and basically this was just a situation, as it explains in the brief, where Mr. Daugherty picked up the young student who had announced success in an athletic event and put her down. She didn't indicate any problems until later, and then, as I said, the district people looked into it, and Mr. Daugherty's declaration puts that in finer focus in terms of who and what. In any event, then shortly thereafter, Mr. Daugherty was placed on administrative leave, and he was not brought back until March, as I recall, of the next year, so that would be 2007. Now, I'll be fair with you. You've got three pretty straight-on judges here who pretty well know the facts. So I don't think you need to spend a lot of time telling us about the facts. Let's go right to the issue. You're really arguing about due process here, right? If you're arguing about due process, would you agree with me that due process, to show a deprivation, you've got to have a deprivation of a property interest or a liberty interest? Correct. And would you further agree with me that property interests are created by state law? Yes. And the dimensions are even created and determined by state law? Yes, for the most part. All right. And as I understand it, your client was not fired? Correct. So, no property interest in losing his job here. The best property interest I guess we have is a property interest in a personnel file? Well, actually, Your Honor, you did correctly identify the two interests, and there's a very good law review article that I read. Well, I'm not worried about that. All right, answer my question. Yes. Is your best property interest you have a personnel file? I think that the liberty interest is... So you want to go the liberty interest instead? No, I don't know that I have to make a choice, but he has a property interest in the maintenance of his job. He also has a liberty interest in his reputation. Well, let me ask you, if you want to get to liberty interest, where did you raise that issue to the district court? Not in so many words, Your Honor. We indicated... I didn't see you raise it at all. We indicated there was a due process violation because there was a stigmatizing note or allegation put in his personnel file, and he was not allowed... Frankly, unless you can point me to a point in your briefs or the argument to the district court where you said anything about liberty interests, I'm not going to be too anxious to go to that. Very well, and there was no oral argument. This was submitted on the paper, so we didn't have that opportunity. Right, that's why I thought. I gave you the general. Understood. Your Honors, I would like to indicate to the court that there is actually several cases that we've cited in our brief, the Roth case and the Crowell case, which have led us to another case, 2004 Ninth Circuit case, which I did not find earlier, which is Cox v. Ross Kelly. And in that case, the Ninth Circuit weighed in because there was a split in the circuits on whether something put in a personnel file that's stigmatizing is ipso facto published or whether it has to be likely to be disseminated in the Ninth Circuit. Well, I'll be fair. While the Ninth Circuit has a lot of authority, that's why I wanted to put you definitely on record here that property interests are created by state law and the dimensions are created by state law, and unless the Ninth Circuit has told us about the California property interests created by state law or dimensions by state law, I'm not too interested in what I had to say or what we had to say about it. What I'm saying is, if in fact you're really looking at a property interest in a personnel file, what statute do I go to to create that interest? Your Honor, the only statute that, a series of statutes that we've identified would be the 44-938. 44-938, which says the teacher will be given written notice of professional, unprofessional conduct and 45 days to correct his faults. Right. We got that. Yes, except that this was really disingenuous because this was an isolated event. Disingenuous may not be exactly what you need to think about. 44-938 says teacher gets professional, gets a written notice of professional conduct and he gets a chance to correct. That's all it says. He got it. Except that there was nothing to correct. This was something that happened on September 22. He was told that they didn't find him in violation. Six, seven months later, they put this notice in and they add things in violation that happened years earlier. Well, let's go on further then. He got the notice, but he didn't have to correct anything, so he didn't have to worry about correcting. Well, let's go, what other statutes you got? Well, Your Honor, I don't think that the limitation is strictly California law because it's not due process. Well, you just said that it was. No, I... You will agree with me, won't you, that Board of Regents v. Roth was pretty straight. Property interests are created by state law. Well, that's true. And in that case, however, there was not a stigmatizing allegation placed in the file. They merely said the man was incompetent or ineffective. Here, the man is alleged to be a child molester. I don't think it can get any more stigmatizing. You could say somebody's a murderer and it's probably less stigmatizing than to call them a child molester. All right, let's look at 44-301, which is also California law. It says, when a teacher is not terminated or suspended, which is the situation with your client, but a derogatory information is put in their file, the teacher must be given opportunity to have rebuttal information put in the file along with the other information. And that's also, as I understand it, the holding, in our case, of Miller-Chico Field United School District. Well, Your Honor... You got that, didn't you? Not really, Your Honor, because the allegations that were made were not sufficient that they could be responded to other than to object and say, we don't know the name of the alleged person. The allegations were made in an untimely and violative manner. And the dates were so far back. And by the way, the record is clear and uncontroverted that my client had an unblemished record on the date of the September 22, 2006 incident. So these other alleged happenings didn't rise to the level of being important enough to even put in a personnel file. And they're denied to the extent that we even got due process of what they were. This wasn't in compliance as a notice to begin with because it didn't allege dates, names, and it was out of compliance with the other requirements that timely notice be given. So this was a make way to try to anchor something that fell of its own weight. And so being able to put something in there doesn't allow him to change jobs. It's going to be there. I made the remark about a scarlet letter in my papers. And so I think that we have a property interest to be able to have his job and have a career and not be an indentured servant to the Covina district, which has not fired him. But they put him in a position where he's not allowed to teach. He hasn't been allowed to teach in his subject area. And he's been put in a school with delinquents. And there's certainly been publication because people have been slashing his car, throwing things at him, calling him a molester. And I think that to take, with all due respect to the court, a crab view and limit this to the California statutes is to miss the bigger picture here. Well, my worry is that here I am trying to look at California law, and I've got the Supreme Court telling me how property interests are created and the dimensions of them. And I guess I'm trying to figure out what California case I need to look at or what California law I need to look at to suggest that what happened here was a property interest taken away. Well, I think, Your Honor. First of all, that there was a property interest. And second of all, that it was improperly taken away. Well, you might have me in a box here, but I believe that the argument that I made that this is a due process violation doesn't necessarily preclude me from arguing that his due process, whether it's a property or a liberty interest, is affected because his reputation, his ability to pursue his career, have all been affected. He's been branded the worst thing that you can brand somebody in our society. And he has no remedies, and they didn't even give him proper notice, and they didn't give him a hearing. All he's asking for is a hearing, Your Honor, and then the light of day will be shed on this situation. And I think that that's not unfair, and it's not inconsistent with due process. We have a person who had no dings on his record, and now he's suddenly branded a molester. I don't think that's due process at all. And these cases started out together, the other one on the calendar, they were split by Judge Anderson. But the bigger picture is seen when the two cases are put together, because Ms. Cortez was busy calling the police and adding these other allegations, which she subsequently put in the letter of March 2007, six months after. What was the point of suspending him for six months with pay if they were then going to write this letter, and then he was out again while they were doing this? So the point of the matter is that his due process rights under federal law, which may look to state law to some extent, cannot be overridden. And then I think there may be an inconsistency here to the extent that state law is being interpreted as occupying the whole area when it regards due process. I don't mean to mix apples and oranges in preemption, but I see I have about two minutes left, so I probably better say something. Did you want to ask any questions? Well, I'm concerned. The nature of the case below, I'm concerned. You were suing to clear your name in the district court. Correct. In the nature of a declaratory relief suit, you might say. Well, the state court was precluded because the union council didn't pursue the procedural remedies. No, but your district court. You were in the district court. Yes, we were trying to get this out. Was that in the nature of a declaratory relief to declare the character of your client to be sound? I suppose so. I hadn't thought of it that way, but yes, that would be the ultimate result. Then I'm curious why you didn't raise in the district court the thing that now seems most important to you, and I understand why, namely his reputation. Intangible. We can't get a hold of that. True. It's not like a piece of property that you could eat or buy or sell or sit on. It's sort of inchoate. It's curious to me why that wasn't raised in the district court. It seems to me that's the gravamen of your whole case this morning. Your Honor, perhaps I analyzed it with the due process blinders that I have on. A due process is something that I think of in connection with liberty. Right. Not so much with property, but more with liberty. Well, he doesn't have the liberty to go get another job when the stigmatizing allegation is in his file. Well, then you're agreeing with me, I guess. But I'm just curious, why wasn't that elephant in the room disposed of? Why wasn't it raised in the district court? You're in this court of appeals here. I realize. We're not in trial court. Understood. I'm just curious, why do you expect us to respond? Well, I would expect the court to indicate that there was a due process violation in not giving him adequate notice of the allegations and also not allowing him to have a hearing because this was the type of an allegation that would clearly and predictably result in him being deemed a pariah in the educational community. And certainly it was published because all sorts of students were commenting and disparaging to him, to say the least. Did you have any questions, Judge Fletcher? No. Thank you. Thank you. All right. Good morning. May it please the Court. John Allen on behalf of the Appellees Gloria Cortez and Norman Kirshenbaum. Your Honors, the Education Code of California has been described by many courts as extremely complicated. However, we would submit in this case it's fairly straightforward. And the district did not do anything which could violate a due process right of the appellant, whether it's looked at as a property right or as a liberty interest. Just briefly, Education Code Section 44031 governs the contents of personnel files, which seems to be one of the main concerns that the appellant has raised here today, that there's something in it that the court should have ordered the district to remove. What that statute provides is that a teacher or any public school district employee cannot have any derogatory information placed in his or her file without an opportunity to review it first and respond to it within ten days, and the response is then attached to what is placed in the file. That occurred here. Counsel, this case is unique in that they've gone back and noted all sorts of incidents far back to which he has not been given an opportunity to respond to within ten days. It seems to me that much that's in this letter should not have been allowed to remain there, and there should have been at least a hearing in respect to that. Well, Your Honor, public school districts typically practice something called progressive discipline, where they do not issue a notice of unprofessional conduct for every incident of misconduct alleged against a teacher, but they may... None of this would have been alleged against the teacher unless they had gone into this investigation after there was one supposed incident of lifting the child up and progressivating her on the rim of a race. This is a unique situation. Your Honor, I would beg to differ. By practicing progressive discipline, districts will often verbally notify a teacher. For example, don't be alone in a classroom with a student. We've told you that before, and that might be the end of it, until something like this happens where they then look back at that and say, you know, all of this falls within, I won't call it molestation, but certainly potential sexual harassment, and the teacher should be put on notice that if you keep lifting a child up in the air, we may have to take steps to suspend, without pay, or terminate your employment. That may be as to that one incident, but as to all of the others, which had never before been noted, investigated, or given an opportunity to respond to? Well, Your Honor, he was given an opportunity to respond, and I think the record shows his attorney did file a letter, which is part of the personnel file, which addresses every one of the allegations set forth in the Notice of Unprofessional Conduct, which was actually trying to establish that any one of these things may have been a misunderstanding, but we've been receiving complaints over the years from students that raise questions about violations of the school's sexual harassment policy. I think the concern of the court is not so much that. The concern is that everything that was done was done anonymously. As I understand it, he wasn't even told who these young children were. He didn't even know who was the accuser. And it was all done ex parte, sort of, so to speak, behind scenes by the school district investigators, and all of a sudden he was confronted with this, doesn't know who they're talking about. How is this due process? Well, Your Honor, the letter, the Notice of Unprofessional Conduct did identify the students by initials, and the concern there is to protect the privacy rights of the students. Should some further school district request the personnel file and get access to it, there would be the full names of these students who've made allegations against the appellant. Providing the initials should be enough for a teacher to know which student the allegation came from. But the reason there's no due process concern is if the teacher remediates his conduct in response to the Notice of Unprofessional Conduct, there will never be any discipline imposed. The Notice of Unprofessional Conduct should not be looked at as discipline. Rather, it is a necessary precursor to discipline. Well, but the discipline was meted out, query, with or without due process. It was meted out by posting the notice in his record. I mean, if that's not punishment, if that's not discipline, I don't know what is. To have a report in a document obtained by the public, and it accuses him of potentially being regarded as a child molester, you think that's not discipline or punishment? Your Honor, it's the way the state law is set up to warn a teacher that your conduct may be grounds for discipline. I don't know any other way to, for example, terminate the appellant's employment here if he had continued this sort of behavior without complying with the Education Code, which requires that he be punished. But you didn't ask the district court to find that state procedure violates Federal due process, did you? No, I don't think it does violate due process. Well, you're asking us to find that it violates due process. No, I'm asking the court to affirm that there was no violation of due process. Oh, excuse me. I beg your pardon.  But the point is we're being asked to give blessing to this procedure by the state. Absolutely, Your Honor. By your client, but not, of course, by the other side. Correct. And the Education Code is set up such that a teacher cannot be terminated for unprofessional conduct or lack of ability without being given this 45-day notice or the 90-day notice when it's ability and given a chance to remediate. And the practice in California has been for the school district to be as detailed as possible in the notice of unprofessional conduct so that if a subsequent procedure to dismiss the teacher before a three-judge panel is undertaken, the teacher will have been on notice of what exactly the district thought was unprofessional in his conduct and given the 45 days to remediate. Now, of course, here — I'm sorry. How did this information become public? It became obvious that somebody had told others that there was this letter and that there was this discipline letter in the file because all sorts of things happened. Your Honor, I don't — How did this happen? I don't believe it did happen. What happened was the district, under Penal Code Section 11166, made a report to law enforcement of an allegation that at the time was believed to constitute sexual molestation. The appellant was arrested, and I believe that the companion case will have more details than I have about that. But he was placed on administrative leave for five months because of the police investigation and, as I mentioned in my brief, the district typically will not conduct its own investigation of misconduct allegations while a concurrent police investigation is pending for all kinds of reasons. The police usually ask school districts not to question witnesses, and then there's the Fifth Amendment rights of the teacher, him or herself. So he was placed on administrative leave with pay. What rumors may be spread in the community are not the responsibility of the district, and there's absolutely no evidence that this letter was made public, that anyone saw it except for the appellant and his attorney who filed a response to it. In fact, the notice of unprofessional conduct would have been issued at the end of the administrative leave with pay. The police concluded, okay, this doesn't rise to a criminal problem. The district concluded there's a sufficient history of misconduct, which certainly implicates the district's sexual harassment policy and the state law on sexual harassment and federal law on sexual harassment, to issue this notice that if this conduct does not change and specifying all of the conduct that had been alleged over the years, and I would point out Education Code section 44944, I believe it's parents E, allows for a district to seek the dismissal of a teacher for unprofessional conduct for conduct going back four years prior to the date of filing the notice of charges. So it's absolutely relevant to put in conduct two or three years old that seems to be similar to the conduct which led to the call to the police and the criminal investigation. If anything, we were bending over backwards to protect the appellant's due process rights by notifying him of everything that had occurred over the years that had been brought to the district's attention through this investigation that could be considered sexual harassment, and the notice served its purpose. The appellant's conduct changed, and he's still employed by the district. But in response to both questions, I would have to say the district followed California Education Code law on potential discipline to the letter. I can't see any violation by what the district did in issuing this notice of unprofessional conduct. Well, he was given an opportunity to write a letter and to defend himself and put that in the file. Correct. But doesn't it sort of tie his hands a little bit if he can't even identify, he isn't even told who the nine or ten prior in years children were? Is he supposed to remember the initials of all the children he taught in the last five or ten years? Well, Your Honor, I think if the court looks at the responsive letter, many of the allegations are addressed as, well, that happened, but it was innocent. I noticed the girl's wristbands, and I held her arm up to show everyone else. She didn't tell me she was uncomfortable. So he knew of some of these incidents. Now, if we had gone before a three-judge panel trying to dismiss him, yes, there may be some problems in the notice provided by the notice of unprofessional conduct that it was insufficient to give him notice to defend himself in that forum. But that's not on appeal here. Notices of unprofessional conduct are typically prepared by assistant superintendents of human resources. They do the best they can with their investigative powers. There may be allegations sometimes in a notice of unprofessional conduct that are not accurate or that, simply put, are untrue. But the district, in good faith, conducting an investigation, believes them to be true. And typically in conducting an investigation, they will talk to the teacher who's accused of misconduct as well. And they have to, as a fact finder, reach an opinion. The notice of unprofessional conduct is meant as a warning to correct behavior. It is not itself a punishment. And if the court were to deem it to be a punishment, it would then put even more restrictions on a district's ability to discipline or terminate unprofessional teachers, because they would have to worry that just writing this down and putting it in the personnel file would be grounds to be sued for some sort of due process violation, when the only process provided by State law is to file a response which must be attached to the notice  When the school district advised the police of this and the police arrested Mr. Dorey, that was a public situation, wasn't it? And that would be something that could be in a newspaper. That's public information. Yes, absolutely. And so the public then is advised that he's been arrested for a suspected child molest. Yes. Were the criminal proceedings terminated in some way to his favor, or how were they terminated? I believe charges were not pressed, but that took the five months we've been talking about. Charges were not pressed. I believe the police concluded there were not grounds to proceed criminally. But does that result in a dismissal of the criminal complaint? Or what closes the matter criminally? Well, Your Honor, an arrest and an investigation by the police, to my understanding, may never result in a complaint being filed if the police conclude the evidence is insufficient to How the record ends then? You're saying the record ends with the commencement of all of this, but it just sort of goes off into the sunset at that point. No, there's no closing of it. Well, in the sense that appellant is saying there had to be a name-clearing hearing. No, there isn't. There is an abandonment. There's abandonment of it. No, Your Honor. Appellant has described the notice of unprofessional conduct as if we filed a civil complaint and then just left it sitting there. I'm talking about the criminal. There was a criminal arrest. There was a police arrest. Correct. And so there was paperwork surrounding that. Yes. But they were never closed. They just were abandoned. Nothing happened. Is that what you're telling me? Frankly, Your Honor, I don't know. I do know that there was no prosecution. Okay. But I would point out again the district under California Penal Code Section 11166 has a duty under penalty of a misdemeanor as mandatory reporters to report to the police a reasonable suspicion of child abuse or neglect. Don't misunderstand. I'm not critical of reporting to the police. I'm just curious. Once the ball gets rolling, does anybody stop the ball or is it a snowflake that starts an avalanche or what happens? Well, Your Honor, as what happened here, the plaintiff is free to tell the community to speak to the press, to protest his innocence, to say he disagrees with what happened, but the California Education Code simply does not provide for a name-clearing hearing in response to a notice of unprofessional conduct. Nor to an arrest by prosecutors. They have their own idea and they do go on their own way, and their procedure is really governed by them, which is not something the school district has any control over. Correct. And I would also point out that that penal code section provides for absolute immunity to mandatory reporters under state law. But again, looking at the Ed Code sections that are implicated in this situation, there was no due process violation. Thank you. Thank you. Appreciate your argument. Counselor, I think you had about ten seconds left. Well, first of all, I want to clear up that there was no arrest. Can I get back any of my time? I'll give you a minute. Go ahead. All right. First of all. I'm glad to give you a minute to respond. Thank you. I'm not trying to take away your time. I know that. I know that. I'm just trying to advise you that we're trying to be fair to both sides. All right. I see the clock here. The red eye is at me. Mr. Doherty was not arrested. I want to make that clear. He was not arrested. Not arrested. The next case on the docket will be against the Covina Police and all of that, and I can discuss that in more detail. However, the police never did anything else after the October, I think it was 12 or 17, mid-October, less than a month later, they searched, and that was the end of it. There was never a submission, as I understand it, to the prosecutor. It just dropped. And so to say that they were still investigating, I think, is inaccurate, to say the least, that the police were, and to wait until March. There's no evidence that the police were still investigating. In fact, they left in mid-October and were never heard from again until they answered our complaint. Okay. I think your time is over. Thank you very much. We'll move to the next case. All right. Case 09-56239. Your Honor, can I make one statement? It will take me five seconds just for the record on this case. For the record, five seconds. That the notice in his file is stigmatizing as to his interest in his employment and his opportunity to advance. That, I believe, is a property interest. Well, okay. Thank you very much. The case is now submitted, 56239.
judges: Brewster, Fletcher B. , Smith N. R.